**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 29, 2005**

**FOR THE TENTH CIRCUIT**

KATHY V. WILLIAMS,

      Plaintiff-Appellant,

      v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

      Defendant-Appellee.

No. 04-3358
(D.C. No. 02-CV-2568-KHV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **O'BRIEN** , **HOLLOWAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Kathy V. Williams appeals from a grant of summary judgment in favor of

the Postmaster General of the United States Postal Service (USPS), her employer.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Williams alleges that the USPS discriminated against her on the bases of race, sex, religion, and disability and retaliated against her for protected activity, in violation of Title VII of the Civil Rights Act of 1964 and the Vocational Rehabilitation Act of 1973. For the reasons stated below, we affirm.

## I. BACKGROUND

Williams, an African-American woman, has been an employee of the USPS since 1987. In the present lawsuit, she claims discrimination by rejection for the Associate Supervisor Program, lack of consideration for promotions to Supervisor of Customer Services in two locations, denial of her bids on the positions of Clerk Stenographer and Air Records Processor, and unfair imposition of mandatory leave until her physician eased her work restrictions. She also makes general allegations of discriminatory and retaliatory activity resulting in harassment and unfounded disciplinary action.

On the Postmaster's first motion for summary judgment, the district court dismissed all but Williams' race and sex claims. During a motions hearing, the court invited the Postmaster to file a second motion on the remaining claims. It then denied Williams' motion to reconsider the initial entry of summary judgment, granted the Postmaster's second motion for summary judgment, and entered judgment on the entire case. This appeal followed.

## II. DISCUSSION

Because Williams is representing herself in this appeal, we must construe her brief liberally. *See Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1664 (2005). Her first argument seems to be that she was denied due process of law by operation of the district court's administrative procedural rule generally prohibiting *pro se* litigants from filing their submissions electronically. D. Kan. Admin. P. for Filing, Signing, & Verifying Pleadings & Papers by Elec. Means in Civ. Cases, § I(A)(2). Parties proceeding *pro se* are directed to file paper originals, which the clerk's office scans into the Electronic Filing System and maintains in a paper file. *Id.* at § III(B).

Williams alleges that certain exhibits attached to her response to the Postmaster's motion for summary judgment and to her motion for reconsideration were missing from the Electronic Filing System. Pyramiding on this allegation, she speculates that the district court failed to consider these documents. The docket, however, reflects that the documents submitted by Williams were filed and made electronically accessible, except exhibits accompanying her motion for reconsideration. These documents were filed as part of the district court record, in accord with the administrative rule allowing the conventional filing of exhibits "that are not available in electronic form or that are too lengthy to electronically image, i.e., 'scan.'" *Id.* at § IV(C). It is apparent that the district court had

ready access to all of Williams' filings. [1]   There is no factual basis for a due-process contention.  As a result, the district court did not err in denying Williams' motion for postjudgment relief.

Williams also mounts an attack on the content of the district court's summary-judgment orders.  We review *de novo* a district court's grant of summary judgment.  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs* ., 165 F.3d 1321, 1326 (10th Cir. 1999).  Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *Id*.  "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Allen v. Muskogee, Okla.* , 119 F.3d 837, 839 (10th Cir. 1997).  Unsupported conclusory allegations, however, do not create an issue of fact.  *See Salehpoor v. Shahinpoor* , 358 F.3d 782, 789 (10th Cir.), *cert. denied* , 125 S.Ct. 47 (2004).

---

[1]   We note that the appellate paper record includes all exhibits filed by Williams.  *See* 10th Cir. R. 30.3 (exempting a *pro se* appellant from appendix requirements and permitting a *pro se* appellant to proceed on the record on appeal).

To survive summary judgment on her Title VII claims, Williams relies on the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). As we have explained:

> *McDonnell Douglas* first requires the aggrieved employee to establish a prima facie case of prohibited employment action. . . . If the employee makes a prima facie showing, the burden shifts to the defendant employer to state a legitimate, nondiscriminatory reason for its adverse employment action. If the employer meets this burden, then summary judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual.

*Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005) (citations and quotations omitted). Using the *McDonnell Douglas* analysis, the district court carefully sorted through Williams' discrimination claims. It determined that Williams failed to demonstrate her prima facie case for most of these claims and, in instances which she did, she did not establish pretext. In making its ruling, the court informed Williams that her unsupported accusations of perjury and misrepresentation were an insufficient showing of pretext. We agree with the district court and affirm the entry of summary judgment on Williams' Title VII claims.

Williams' claim under the Rehabilitation Act is based on the Postmaster's failure to provide light-duty work to accommodate her lifting restriction from September 1998 through January 1999. To determine whether an individual is disabled under the Act, a court examines the nature and severity of the

impairment, along with the expected duration of the impairment and the permanent or expected long-term impact of the impairment. *Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1130 (10th Cir. 2003) (discussing the Americans with Disabilities Act, which defines "disability" in the same way as the Rehabilitation Act, *see Nielsen v. Moroni Feed Co* ., 162 F.3d 604, 608 n.7 (10th Cir. 1998)).

Williams argues that the district court erred in concluding that she did not have a disability as defined by the Rehabilitation Act and that the Postmaster considered her as having a permanent disability. To the contrary, the district court correctly determined that Williams' four-month restriction was of insufficient duration to qualify as a disability under the Act. Furthermore, the record demonstrates that the Postmaster did not consider Williams to be permanently disabled. Accordingly, Williams failed to establish a prima facie case under the Act, and summary judgment in the Postmaster's favor was the appropriate disposition of her claim.

## III. CONCLUSION

The judgment of the district court is AFFIRMED for substantially the reasons stated in the district court's orders of May 5, 2004 and August 19, 2004. As for Williams' "Motion[] to Compel Delivery, Extend Appellant's Time for

Filing, for Appellee Sanction and Finding in Favor of Appellant," her motion already has been granted to the extent it asks for leave to file a reply brief. The remainder of the motion is denied as moot. The mandate shall issue forthwith.

Entered for the Court


Terrence L. O'Brien
Circuit Judge